UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cecil H. Bell, individually and derivatively on behalf of the Cecil H. Bell Trust – 1, Cecil H. Bell Trust – 3, Cecil H. Bell Trust – 4, Cecil H. Bell Trust – 5, Cecil H. Bell Trust U/W of LHB, Cecil H. Bell Trust U/W JFB, and Cecil H. Bell Trust U/W JFB, Jr., | Civil No. 06-4748 (PAM/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Federal Insurance Company, | |
| Defendant. | |

This matter is before the Court on Defendant Federal Insurance Company's Motion for Summary Judgment. For the reasons that follow, the Court grants the Motion in part and denies it in part.

**BACKGROUND**

Plaintiff Cecil H. Bell seeks a declaration that Defendant is required to defend and indemnify six directors and officers of Delta Trust, of which Plaintiff is a beneficiary. Delta Trust is a South Dakota corporation formed to serve Bell family financial interests. In September 2005, Plaintiff, Delta Trust, and its directors and officers settled a South Dakota state court action alleging that the Delta Trust defendants were negligent and committed breaches of fiduciary duty and trust.[1]  As part of the settlement, Delta Trust and its directors

---

[1] Plaintiff commenced the South Dakota action on October 8, 2004. The record indicates that Plaintiff provided Defendant with Notice of Claim on October 12, 2004, and that Defendant denied coverage on November 17, 2004 on grounds that Delta Trust was not an insured entity and that the action was related to a prior lawsuit commenced before the policy period.

and officers agreed to pay Plaintiff $253,000 and Plaintiff agreed to indemnify and hold harmless the trust and its directors and officers and to collect only from insurance proceeds, including from a directors' and officers' ("D&O") liability insurance policy that Defendant had issued to Delta Trust.

The settling parties further agreed that Delta Trust and its directors and officers would agree to a stipulated judgment against them, jointly and severally, for $15 million. The settlement agreement stated that the amount was "reasonable in light of the extent of the losses incurred by Plaintiff, and also within the range of damages which are likely to [be] found by a jury at a trial on the merits." (Heyerdahl Aff. Ex. 7.) In May 2006, the settling parties signed a "Stipulation of Judgment and Covenant Not to Execute" in which the settling parties further agreed that "Plaintiff will in no way seek to execute and collect this judgment from [the Delta Trust defendants], subject to the Court's approval." (Id. Ex. 8.) The settlement documents stated that the parties intended adherence to assignment-of-claim principles in Kobbeman v. Oleson, 574 N.W.2d 633 (S.D. 1998).

On June 23, 2006, the Hughes County, South Dakota Circuit Court entered a $15 million judgment in favor of Plaintiff and against Delta Trust and its individual directors and officers, jointly and severally. Plaintiff filed the judgment in Hennepin County, and on November 10, 2006 commenced this declaratory judgment action in Hennepin County District Court.

On December 4, 2006, Defendant filed a Notice of Removal based on diversity jurisdiction. On April 13, 2007, Defendant filed this Motion for Summary Judgment on

grounds that applicable law and the D&O policy both bar direct actions of this type and that Delta Trust is not an insured entity. Defendant further argued that the D&O policy provides no coverage for the directors and officers because the insurance claim was untimely and/or related to prior litigation that Delta Trust failed to disclose in the policy application; that the settlement among Plaintiff, Delta Trust, and its directors and officers was unreasonable as a matter of law; and that there had been no "Loss" pursuant to the policy.

Plaintiff responded to the substantive arguments and also submitted an affidavit from counsel pursuant to Federal Rule of Civil Procedure 56(f) stating that summary judgment would be premature because additional time was needed to oppose the motion. Counsel stated that Plaintiff had taken no depositions and that Defendant had served written discovery responses one day before Plaintiff's response to the summary judgment motion was due. Plaintiff did not cross-move for summary judgment.

**DISCUSSION**

**A.     Standard of Review**

Summary judgment is proper when the evidence viewed in a light most favorable to the nonmoving party demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, only disputes of facts that might affect the outcome of the suit under the governing substantive law will preclude summary judgment. Id. The moving party bears the burden of showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp.

v. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party is entitled to all inferences that may be reasonably drawn from the underlying facts in the record. Meriwether v. Caraustar Packaging Co., 326 F.3d 990, 992-93 (8th Cir. 2003).

The nonmoving party may not merely rest upon allegations or denials in its pleadings—it must set forth specific facts showing that there is a genuine issue for trial. Anderson, 477 U.S. at 256. However, if it appears from the nonmoving party's affidavits that the party cannot present facts essential to justify the party's opposition, the Court may refuse to order judgment or may order a continuance to permit additional discovery. Fed. R. Civ. P. 56(f). "Relative availability of evidence to the parties is a circumstance to be considered in determining what should be required for making a submissible case." Spencer v. Kroger Co., 941 F.2d 699, 704 (8th Cir. 1991) (citation omitted).

**B.     Whether Action Is Barred**

Defendant asserts that summary judgment should be granted because Miller v. Shugart, 316 N.W.2d 729 (Minn. 1982) and its progeny require Plaintiff to commence a garnishment proceeding against Defendant. However, in general "[d]eclaratory judgment is available to resolve the issue of whether insurance coverage is available to indemnify an insured." Corn Plus Coop. v. Cont'l Cas. Co., 444 F. Supp. 2d 981, 986 (D. Minn. 2006) (Doty, J.) (citing Nordstrom v. Eaton, 652 N.W.2d 79, 85 (Minn. Ct. App. 2002)). A recognized "best practice" in Minnesota is to determine coverage issues in a declaratory judgment action "before serving a garnishment summons on the insurance company." Nordstrom, 652 N.W.2d at 84-85. Defendant has not established that applicable law bars

this action.

Defendant further asserts that because Plaintiff took an assignment of insurance rights, coverage is barred pursuant to the D&O policy's "no action" and "no assignment" clauses. The clauses state that "[n]o action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this Policy," and that "[n]o assignment of interest under this Policy shall be effective except when made by written endorsement . . . " (Heyerdahl Aff. Ex. 4 ¶¶ 21, 24.)  However, any assignment would be akin to an after-loss assignment of proceeds, which is permissible.  See Reitzner v. State Farm Fire & Cas. Co., Inc., 510 N.W.2d 20, 26 (Minn. Ct. App. 1993).  Accordingly, the Court denies Defendant's Motion relating to its argument that law and/or the D&O policy bar this declaratory judgment action.  See Caldwell Trucking PRP Group v. Spaulding Composites Co., 890 F. Supp. 1247, 1258 (D. N.J. 1995) (declaratory judgment action does not undermine purpose of "no action" clause).

**C.    Whether Delta Trust Is a Covered Entity**

Defendant asserts that the D&O policy provides no coverage for Delta Trust as an entity.  Plaintiff responded at oral argument that Delta Trust has a right to argue in favor of coverage but otherwise agreed that Defendant was not required to indemnify Delta Trust as an entity.  A plain reading of the policy supports Defendant's position, and Plaintiff has neither raised an ambiguity nor argued that additional discovery is necessary to resolve this issue.  Accordingly, the Court grants Defendant's Motion relating to the argument that the D&O policy does not provide coverage for Delta Trust as an entity.  Highwoods Props., Inc.

v. Executive Risk Indem., Inc., 407 F.3d 917, 925 (8th Cir. 2005) (affirming summary judgment in favor of insurer on ground that there was no entity coverage).

**D.     Remaining Arguments and Rule 56(f)**

Defendant argues that there is no coverage for Delta Trust directors and officers for several reasons. First, prior "interrelated" or "related" actions predated the policy period and are subject to a policy exclusion and/or were not disclosed by Delta Trust in its policy application. Second, there has been no "Loss" pursuant to the policy because the settlement absolves the directors and officers from any requirement to pay. Third, any loss is unreasonable as a matter of law because the settling parties failed to allocate the claimed loss among Delta Trust and the individual directors and officers.

Plaintiff defended against the Motion but generally averred that summary judgment would be premature in part because Plaintiff has taken no depositions. Plaintiff seeks to depose the person(s) responsible for denying coverage, Delta Trust's insurance agent, the Delta Trust representative(s) responsible for obtaining insurance, and persons whom Defendant employed who have knowledge of the policy. (See May 4, 2007 Boraas Aff. ¶¶ 2-3.)

Plaintiff has not had ample opportunity to conduct discovery related to these issues. Although summary judgment can be "an effective device to protect parties from burdensome discovery," it should not be used to prevent a party from presenting its case. Costello, Porter, Hill, Heisterkamp & Bushnell v. Providers Fid. Life Ins. Co., 958 F.2d 836, 839 (8th Cir. 1992). "[R]ules regarding the proper opposition to a summary judgment motion apply only

after adequate time for discovery has been allowed." Id. (citing Celotex Corp., 477 U.S. at 322).

Genuine issues of material fact remain regarding how the existence and/or disclosure of prior actions might affect coverage. This is evidenced in part by an affidavit that Plaintiff provided at oral argument regarding when Delta Trust claims to have submitted the policy application. (See August 22, 2007 Boraas Aff. Ex. A.) Plaintiff's intended depositions might provide further light. Defendant has not established that the settlement was unreasonable as a matter of law such that the Court may grant summary judgment before Plaintiff has opportunity to complete additional depositions. Similarly, questions of fact and law remain regarding whether there is no coverage because Delta Trust's settling directors and officers might be absolved from payment.

Plaintiff has met its Federal Rule of Civil Procedure 56(f) burden of establishing that summary judgment on the remaining issues would be premature. If, after discovery proceeds and sufficient facts cannot be articulated to support a genuine issue of material fact under applicable law, then the Court may entertain a renewed summary judgment motion.

**CONCLUSION**

Defendant has not met its burden of establishing that this declaratory action is improperly before the Court. However, Defendant has established that there is no genuine issue of material fact as to whether Delta Trust is an insured entity. It is not an insured entity, and summary judgment is proper on that point. Plaintiff has established that summary judgment on the remaining issues would be premature. Accordingly, **IT IS HEREBY**

**ORDERED** that Defendant's Motion for Summary Judgment (Docket No. 11) is **DENIED in part** and **GRANTED in part**:

1. The Motion is **DENIED** as it relates to this action being barred by the policy and/or applicable law;

2. The Motion is **GRANTED** as it relates to the D&O policy not providing coverage for Delta Trust as an entity; and

3. The Motion is **DENIED as premature** in all other respects.

Dated: August 29, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
